## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BILLINGS DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **CV 22-66-BLG-SPW** |
| **Plaintiff,** | **FINDINGS OF FACT,** |
| **vs.** | **CONCLUSIONS OF LAW,** |
| | **JUDGMENT, AND ORDER OF** |
| **$14,980.00 in U.S. CURRENCY,** | **FORFEITURE** |
| **Defendants.** | |

This matter is brought before this Court by Plaintiff, United States, by and through its attorneys, Victoria L. Francis and Randy J. Tanner, Assistant U.S. Attorneys for the District of Montana.   The United States has filed a Motion for Entry of Judgment and Order of Forfeiture (Doc. 13) pursuant to Fed. R. Civ. P. 55(b)(2).   Upon considering the pleadings filed herein, the Court makes the following Findings of Fact and Conclusions of Law.

### FINDINGS OF FACT

1.   On June 30, 2022, the United States instituted a judicial forfeiture action by filing in this cause a Verified Complaint in Rem against the defendant currency

1

in the amount of $14,980.00, to forfeit property under 21 U.S.C. § 881(a)(6),

asserting the defendant currency was furnished, or intended to be furnished, in

exchange for a controlled substance, and/or was used, or intended to be used, to

facilitate one or more violations of 21 U.S.C. §§ 841 et seq. and 843(b). (Doc. 1).

2.   On July 8, 2022, the U.S. Marshal Service executed the Warrant of

Arrest in Rem (Doc. 4) that was issued by this Court on July 8, 2022, and arrested

the defendant currency. (Doc. 5, USM-285).

3.   On July 8, 2022, the United States provided "actual notice" of this civil

asset forfeiture action, by mailing the Notice of Complaint for Forfeiture In Rem

(Doc. 2) and Verified Complaint In Rem (Doc. 1) to Attorney Nicholas Owens,

David Segard, and Portia Daem, via first class U.S. mail and Certified mail, to the

addresses provided in the administrative claim as well as the addresses provided by

law enforcement. (See Doc. 8, Exhibits 1-6).

4.   Notice of this forfeiture action was also provided to known and

unknown potential claimants by publishing on the government's asset forfeiture

website the Notice of Forfeiture Action for 30 consecutive days, beginning on July

2, 2022, and ending on July 31, 2022. The "Notice of Forfeiture Action" provides

in pertinent part as follows:

> Any person claiming a legal interest in the Defendant Property must
> file a verified Claim with the court within 60 days from the first day
> of publication (July 2, 2022) of this Notice on this official government

2

internet web site and an Answer to the complaint or motion under Rule 12 of the Federal Rules of Civil Procedure within 21 days thereafter. . . .   (Dec. of Publication, Doc. 6, Att. 1).

5.   Upon considering the United States' Motion for Entry of Default of Known Potential Claimants (Doc. 7) and Declaration filed in support of the motion (Doc. 8), the Clerk of District Court entered the default of David Segard and Portia Daem, on August 16, 2022, for failure to timely file a verified claim and/or to answer or otherwise defend as required by the Supplemental Rules. (Doc. 9).

6.   Upon considering the United States' Motion for Entry of Default of Unknown Potential Claimants, (Doc. 10) and Declaration filed in support of the motion (Doc. 11), the Clerk of District Court entered the default of unknown potential claimants, on September 2, 2022, for failure to timely file a verified claim and/or to answer or otherwise defend as required by the Supplemental Rules. (Doc. 12).

7.   The factual allegations set forth in paragraphs 1 through 37 of the Verified Complaint for Forfeiture In Rem are verified by Drug Enforcement Administration Special Agent John Hensley. (Doc. 1)

Based upon the foregoing findings of fact, the Court makes the following conclusions of law.

## CONCLUSIONS OF LAW

8.   The Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1345

3

and 1355.   The United States has filed a Verified Complaint for Forfeiture in Rem
to forfeit the defendant currency under 21 U.S.C. § 881(a)(6), as currency
constituting monies or other things of value furnished or intended to be furnished
in exchange for a controlled substance, and/or were used or intended to be used to
facilitate one or more violations of 21 U.S.C. § 841, et seq.

9.   Pursuant to 28 U.S.C. §§ 1355(b)(1)(A) and 1395(b) or (c), venue is
proper in this district because this is a civil proceeding to forfeit United States
currency found in this district, and the acts or omissions complained of occurred in
this district.

10.   Civil forfeitures are governed by the Supplemental Rules for Certain
Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules
of Civil Procedure.   *United States v. 2659 Roundhill Drive*, 283 F.3d 1146, 1149
n.2 (9th Cir. 2002).

11.   The Verified Complaint for Forfeiture in Rem sets forth detailed facts
to support a reasonable belief that the United States will be able to meet its burden
of proof at trial as required by Supplemental Rule G(2)(f), to support probable
cause, and to provide proof by a preponderance of the evidence to seize and arrest
the defendant currency described in the verified complaint.   The facts contained
in the verified complaint support the institution of these forfeiture proceedings for
knowing and willful violations of 21 U.S.C. §§ 841 et seq. and 843(b), and subject

4

to forfeiture under 21 U.S.C. § 881(a)(6).

12.    The totality of circumstances as set forth in the Verified Complaint in Rem, demonstrates that there is a substantial connection that the defendant currency was furnished or intended to be furnished in exchange for a controlled substance, and/or was used or intended to be used to facilitate one or more violations of 21 U.S.C. § 841, et seq. and 843(b).

13.    Notice of this action was properly provided to known potential claimants, David Segard and Portia Daem, by providing "actual notice" by mailing the Verified Complaint In Rem, in accordance with Supplemental Rule G(4)(b)(v).

14.    Notice by publication was also provided to known and unknown potential claimants in accordance with Supplemental Rule (G)(4)(a)(iv)(C).

15.    In accordance with Fed. R. Civ. P. 55(a) and Supplemental Rules A(2) and G(5), the Clerk of District Court properly entered the defaults of David Segard and Portia Daem, and any unknown claimants. (Docs. 9 and 12).

16.    Pursuant to Fed. R. Civ. P. 55(b)(2) the United States is entitled to a judgment of default against the defendant currency in the amount of $14,980.00, as to any claims to the defendant currency.

17.    The United States is further entitled to an order of forfeiture of the defendant currency in the amount of $14,980.00.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1.   The United States is granted judgment against the defendant currency in the amount of $14,980.00, and against any person asserting a claim to, or interest in, the defendant currency.

2.   The defendant currency consisting of $14,980.00, is hereby forfeited to the United States and shall be disposed of in accordance with the law.

**DATED** this 6th day of September, 2022.


SUSAN P. WATTERS
United States District Judge

6